

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Texas State Board of Registration for
Professional Engineers
Austin, Texas

Gentlemen:              Attention:  F. E. Rightor

Opinion No. O-1825
Re: Is it a violation of the law
for a graduate electrical and
mechanical engineer to adver-
tise himself as such?

We are in receipt of your recent request asking for
an opinion of this department on the above stated question.

Section 22 of Article 3271a, Vernon's Civil Anno-
tated Statutes, provides:

"Sec. 22. The Board shall have the power to
revoke the certificate of registration of any
registrant who is found guilty of:

"(a) The practice of any fraud or deceit in
obtaining a certificate of registration;

"(b) Any gross negligence, incompetency, or
misconduct in the practice of profession engi-
neering as a registered professional engineer. . ."

Section 23 of Article 3271a, supra, reads as follows:

"Sec. 23. On or after the first day of Jan-
uary, 1938, any person who shall practice, or
offer to practice, the profession of engineering
in this State without being registered or exempted
in accordance with the provisions of this Act, or
any person presenting or attempting to use as his
own the certificate of registration or the seal of
another, or any person who shall give any false or
forged evidence of any kind to the Board or to any
member thereof in obtaining a certificate of regis-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

tration, or any person who shall violate any of
the provisions of this Act, be fined not less
than One Hundred ($100.00) Dollars nor more than
Five Hundred (500.00) Dollars, or be confined in
jail for a period of not exceeding three (3)
months or both. Each day of such violation shall
be a separate offense.

"The Board is charged with the duty of aid-
ing in the enforcement of the provisions of this
Act, and any member of the Board may present to
a prosecuting officer complaints relating to vio-
lations of any of the provisions of this Act; and
the Board through its members, officers, counsel
and agents may assist in the trial of any cases
involving alleged violation of said statutes, sub-
ject to the control of the prosecuting officers.

"The Attorney General or his assistants shall
act as legal adviser of the Board and shall render
such legal assistance as may be necessary in en-
forcing and making effective the provisions of this
Act; provided that this shall not relieve the local
prosecuting officers of any of their duties under
the law as such."

We quote from Texas Jurisprudence, Volume II, page
330, as follows:

"The Texas statutes at numerous places reflect
the wise policy which demands that advertisements
tell the truth and those those guilty of making
false, deceptive and misleading statements be re-
garded as offenders against the criminal law.
Thus false advertising of merchandise or anything
offered for sale is an offense punishable by fine.
(Article 1554, Penal Code) Advertising by banks
and trust companies is stringently regulated, par-
ticularly in regard to truthfulness. (Article 438,
Revised Civil Statutes; Articles 542, 543, Penal
Code) Signs or advertisements which were used by
a corporation now defunct may not be used under
penalty of a fine. The advertising of employment agents
is regulated and certain kinds of advertising by
them are prohibited.

"Permits from lawful authority are sometimes
necessary before a person pursuing a certain call-
ing or business may advertise. Thus the Blue Sky
Law penalizes the advertising of securities for
sale without first having obtained the permit re-
quired. And it is a penitentiary offense to
advertise one's-self as a livestock commission
merchant without first having given the bond re-
quired by law. (Article 1500, Penal Code) Like-
wise advertising as a certified Public Accountant,
or using in advertisements the initials 'C. P. A.'
without having received the required certificate
is a criminal offense punishable by fine. False-
ly advertising one's-self as a 'Registered Cotton
Seed Breeder' or 'Certified Cotton Seed Grower' is
prohibited.

". . . The use of the flags of the United
States and of the state of Texas for advertising
purposes is prohibited under penalty. . . . But
newspaper advertisement of the business, profes-
sion and place of business of those practicing the
healing art is expressly permitted. In many states
advertising by attorneys at law is restricted, but
there are no such provisions in the Texas statutes."
(See note, 56 A. L. R. 1313)

Article 3 of the Penal Code provides that:

"In order that the system of penal law in
force in this state may be complete within it-
self, and that no system of foreign laws, written
or unwritten, may be appealed to, it is declared
that no person shall be punished for any act or
omission, unless the same is made a penal offense,
and the penalty is affixed thereto by the written
law of this state."

After making a careful search of the statutes, we find
no statute which prohibits advertising by registered professional
engineers.

You are respectfully advised that it is the opinion of
this department that it is not a violation of the law for
a graduate electrical and mechanical engineer to advertise him-

Texas State Board of Registration for Professional Engineers,
Page 4


self as such.

Trusting that the foregoing fully answers your in-
quiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS


(S) Ardell Williams

By

Ardell Williams
Assistant

AW:GO


APPROVED JAN 16 1940

(S) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION COMMITTEE
BY BWB
Chairman